UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

KIM HODGES,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

Case No. 1:12-cv-413

Honorable Janet T. Neff

**REPORT AND RECOMMENDATION**

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB), disabled widow's benefits, and supplemental security income (SSI) benefits. On April 8, 2008, plaintiff filed her applications for benefits alleging a June 1, 2007 onset of disability.[1] (A.R. 116-22). Plaintiff's claims were denied on initial review. On July 29, 2010, plaintiff received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (A.R. 23-42). On October 1, 2010, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 10-17). On February 29, 2012, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.[2]

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, May 2008 was plaintiff's earliest possible entitlement to SSI benefits.

[2] Plaintiff is currently receiving DIB benefits, which commenced at age 55. (Plf. Brief at 2).

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying her claims for benefits. Plaintiff argues that the Commissioner's decision should be overturned because the ALJ's factual finding regarding her credibility is not supported by substantial evidence. (Plf. Brief at 10, docket # 13). I recommend that the Commissioner's decision be vacated and that the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings because the portion of the ALJ's opinion discussing plaintiff's credibility is so perfunctory that it does not permit meaningful appellate review.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there

exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on June 1, 2007, through the date of the ALJ's decision. (A.R. 12). Plaintiff had not engaged in substantial gainful activity on or after June 1, 2007. (A.R. 12). Plaintiff met the non-disability requirements for widow's benefits. She was entitled to survivor's benefits, and at age 60, her entitlement to benefits could be established "irrespective of disability." (A.R. 13). Plaintiff had the following severe impairments: insulin dependent diabetes mellitus, hypertension, and obesity. (A.R. 13). Plaintiff did not have an impairment or combination of impairments which met or

equaled the requirements of the listing of impairments. (A.R. 13). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> After consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) of the Regulations. Claimant is able to lift and carry a maximum of twenty pounds occasionally and a maximum of ten pounds frequently. She is able to perform occasional stooping, kneeling, crouching, crawling and climbing of stairs and ramps. She cannot work at unprotected heights, at extremes of temperature and humidity, and cannot operate dangerous machinery.

(A.R. 13). The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible:

> Claimant testified at the hearing that she stopped working as a childcare attendant in June 2010 because she was no longer able to perform the work. She stated that her main difficulties are shortness of breath and constantly being tired.
>
> Claimant stated that, in the past, she had problems with her left shoulder, but recently she had no such problems. She said that her right foot and ankle no longer bothered her. She estimated that she can stand or walk for about one hour and could not stand and walk for six out of eight hours. She said that she could not perform a simple full-time job with the option to sit or stand because she has to rest. Claimant stated that she attends church whenever she can, but did not go to a recent family reunion because she was too tired to do so.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> Claimant's testimony indicates that her main problem is feeling weak and tired persistently. In terms of these allegations, the medical evidence shows inconsistent compliance with taking medications as prescribed and following up on recommended testing. Some of the lack of compliance with medical care may be attributed to a lack of sufficient funds, but this is not the only cause.

(A.R. 14-15). Plaintiff was unable to perform any past relevant work. (A.R. 15). Plaintiff was 50-years-old as of her alleged onset of disability, and 53-years-old as of the date of the ALJ's decision.

Thus, at all times relevant to her claims for benefits, she was classified as an individual closely approaching advanced age. (A.R. 16). Plaintiff has at least a high school education and is able to communicate in English. (A.R. 16). The transferability of job skills was not material to a disability determination. (A.R. 16). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 52,000 jobs in Michigan that the hypothetical person would be capable of performing. (A.R. 39-40). The ALJ found that this constituted a significant number of jobs. Using Rule 202.14 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled. (A.R. 16-17).

Plaintiff's argument that there is "no evidence" supporting the ALJ's credibility determination is a gross overstatement. Plaintiff testified that fatigue stemming from her diabetes and shortness of breath, which she attributed to a hiatal hernia, were the primary symptoms preventing her from working. (A.R. 32). Plaintiff submitted very little medical evidence in support of her claims for social security benefits, and much of what she did produce documented her repeated failure to comply with medical recommendations regarding her diabetes. (*see e.g.*, A.R. 255, 277).

Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). "An ALJ is in the best position to observe witnesses' demeanor and to make an appropriate evaluation of their credibility. Therefore, an ALJ's credibility assessment will not be disturbed absent compelling reason." *Reynolds v. Commissioner*, 424 F. App'x 411, 416-17 (6th Cir. 2011) (citation omitted). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The court does

not make its own credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012).

Meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The ALJ's credibility determination "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. The ALJ's opinion is fatally flawed in that the statement, "[s]ome of the lack of compliance with medical care may be attributed to lack of sufficient funds, but this is not the only cause" (A.R. 15), does not provide an adequate explanation of the reasons for the ALJ's factual finding regarding plaintiff's credibility.

This is a very close case. If the ALJ's opinion had included adequate findings establishing that plaintiff had the ability to follow medical recommendations and that her fatigue problems related to her blood sugar level generally stemmed from her poor decisions regarding medication and diet, this might be a different case.[3] But the ALJ did not so find, leaving the reviewing court to speculate as to the basis for the administrative decision.

---

[3] The Social Security regulations make pellucid that if a claimant fails to follow prescribed treatment without good reason, she will not be found disabled. 20 C.F.R. §§ 404.1530(b), 416.930(b). Further, the Sixth Circuit recognizes that a claimant's failure to follow prescribed treatment is evidence supporting an ALJ's factual finding that the claimant's testimony was not fully credible. *See Sias v. Secretary of Health & Human Servs.*, 861 F.2d 475, 479-80 (6th Cir. 1988).

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be vacated and that the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.


Dated:   January 2, 2014          /s/  Joseph G. Scoville
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).